IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIKI EARL, | § | |
| FORT BEND COUNTY SPN 00076066, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-10-1864 |
| FORT BEND COUNTY MUNICIPAL/ | § | |
| MUNICIPALITY, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Mariki Earl, an offender in the Fort Bend County Jail proceeding *pro se*, has filed a complaint and an amended complaint seeking from defendants billions of dollars of acquisitions, and so forth, "negotiated under Anti-Trust Infringements, and involuntary conversions negotiated by organizations, and securities traders and withholding intermediaries." (Docket Entries No.1, No.8). Plaintiff also "seeks regulatory actions against . . . defendants . . . by the parties['] strict disregard of securities law, with amplified investors. The regulatory actions that are being proposed is [sic] to initiate an [sic] liquidating proceedings and receivership for the sole proprietorship Mariki Earl." (Docket Entry No.1).

Plaintiff also seeks to proceed *in forma pauperis* but he has failed to comply with the Clerk's Notice of Deficient Pleading to file a certified copy of his inmate trust fund account. (Docket Entries No.2, No.5). Accordingly, plaintiff's application to proceed as a pauper (Docket Entry No.2) is DENIED.

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable

claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist."  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'"  *Id.* at 156 (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)).

After carefully reviewing the file, the Court finds that the few factual allegations throughout the pleadings are clearly delusional, and fail to give rise to a cause of action cognizable in federal court.  Accordingly, the present complaint is DISMISSED, with prejudice, as factually frivolous.  All other pending motions are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 22nd day of July, 2010.

                                              MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE